# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MANIYA ALLEN, et al.,
          Plaintiffs,
    v.
                                         **Case No. 11-CV-0055**

AMERICAN CYANAMID CO, et al.,
          Defendants;

---

ERNEST GIBSON,
          Plaintiff,
    v.
                                         **Case No. 07-CV-0864**

AMERICAN CYANAMID CO, et al.,
          Defendants;

---

DESIREE VALOE, et al.,
          Plaintiffs,
    v.
                                         **Case No. 11-CV-0425**

AMERICAN CYANAMID CO, et al.,
          Defendants.

---

DIJONAE TRAMMELL, et al.,
          Plaintiffs,
    v.
                                         **Case No. 14-CV-1423**

AMERICAN CYANAMID CO, et al.,
          Defendants.

---

## ORDER

The plaintiffs in the above-captioned cases allege that they were harmed when, as young children, they ingested paint containing white lead carbonate pigment ("WLC"). Because they cannot identify the specific entities responsible for manufacturing and marketing the WLC that harmed them, they proceed under the risk contribution theory of liability, which was extended to WLC cases by the Wisconsin Supreme Court in *Thomas ex rel. Gramling v. Mallett*, 285 Wis.2d 236 (Wis. 2005). Three such WLC risk-contribution

cases—*Burton v. American Cyanamid Co. et al.*, Case No. 07-CV-0303; *Owens v. American Cyanamid Co., et al.*, Case No. 07-CV-0441; and *Sifuentes v. American Cyanamid Co., et al.*, Case No. 10-CV-0075—were tried before me in a consolidated action earlier this year. At the close of evidence in the *Burton-Owens-Sifuentes* trial, defendant American Cyanamid Co. renewed a previously-filed motion for dismissal on grounds that plaintiffs had not met their burden to establish the court's personal jurisdiction over Cyanamid. I granted the motion and dismissed Cyanamid. Cyanamid now seeks dismissal from the above-captioned cases, also on the basis of a lack of personal jurisdiction. In support of its motion, Cyanamid invokes the doctrine of issue preclusion, also known as collateral estoppel. I find that the doctrine applies here such that my jurisdictional ruling in the *Burton* action precludes further litigation of the jurisdictional issue in the present cases. I will grant Cyanamid's motion to dismiss on that basis.

Federal common law determines the preclusive effect of a federal court judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Where, as here, the federal court sits in diversity, federal common law "incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at n. 4 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *DeGuelle v. Camilli*, 724 F.3d 933, 936-37 (7th Cir. 2013).[1] To determine whether issue preclusion bars a litigant's claim, Wisconsin courts apply a two step analysis: (1) they ask whether issue preclusion can, as a matter of law,

---

[1] I note that the period within which plaintiffs might appeal the judgment in favor of Cyanamid has not yet elapsed; however, under Wisconsin law, "the pendency of an appeal doesn't suspend the preclusive effect of the judgment being appealed." *DeGuelle*, 724 F.3d at 935 (*citing Virnich v. Vorwald*, 664 F.3d 2016, 216 and n.4 (7th Cir. 2011)(Wisconsin law)).

be applied and, if so, (2) whether the application of issue preclusion would be fundamentally fair. *Rille v. Physicians Ins. Co.,* 300 Wis.2d 1, 19 (Wis. 2007).

The first step of this process—i.e., deciding whether issue preclusion can apply as a matter of law—requires me to determine whether the issue was actually litigated and determined by a valid and final judgment and whether its determination was essential to the judgment. *Id.* at 20. Here, the question of the court's jurisdiction over Cyanamid was extensively litigated in the consolidated cases. It was the subject of multiple rounds of pretrial briefing, deposition testimony, trial testimony, and additional briefing and oral argument after the close of evidence. And the jurisdictional ruling was essential to— indeed, the sole basis of—the judgment dismissing the action against Cyanamid.

In addition, because Cyanamid seeks to apply issue preclusion against litigants who were not parties to the earlier proceeding, step one requires me to determine whether the plaintiffs to the present proceedings were in privity with or had sufficient identity of interest with the plaintiffs in the prior proceeding that application of issue preclusion doctrine comports with due process. *Paige K. B. ex rel. Peterson v. Steven G. B.*, 226 Wis.2d 210, 224 (Wis. 1999); *State v. Miller.* 274 Wis.2d 471, 486 (Wis.App. 2004). "A litigant has a sufficient identity of interest with a party to a prior proceeding if the litigant's interests in the prior case can be deemed to have been litigated." *Paige K. B.*, 226 Wis.2d at 226. As relevant here, the interest of plaintiffs Burton, Owens and Sifuentes in their cases was to establish that a Wisconsin court could be an appropriate forum for an action against Cyanamid based on its manufacture of white lead carbonate for use in paint in the early 1970s. The plaintiffs' interest in the present cases is exactly the same, at least with respect to the question of my personal jurisdiction of Cyanamid. Therefore, applying

issue preclusion doctrine to the issue of personal jurisdiction comports with due process and is appropriate as a matter of law.

Having determined that the issue preclusion can be applied as a matter of law, I proceed to the second step of the issue preclusion analysis and ask whether applying issue preclusion would be "fundamentally fair." *Rille*, 300 Wis.2d at 19. Wisconsin courts generally consider the following five non-exclusive, non-dispositive factors in reaching this determination:

> (1) Could the party against whom preclusion is sought have obtained review of the judgment as a matter of law;
>
> (2) Is the question one of law that involves two distinct claims or intervening contextual shifts in the law;
>
> (3) Do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue;
>
> (4) Have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; and
>
> (5) Are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Rille*, 300 Wis. at 29. Cyanamid concedes that the first factor weighs in plaintiffs' favor, as the plaintiffs in the present cases cannot appeal the ruling against the plaintiffs in the prior cases. Plaintiffs concede that the fourth factor weighs in favor of Cyanamid, as the burdens of persuasion have not shifted. The parties dispute how to weigh the remaining factors. I find that they weigh in favor of Cyanamid.

Regarding the second factor, plaintiffs argue that the Supreme Court's decisions in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), and *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017), shifted the law of personal jurisdiction to focus more on a defendant's contacts with a forum and the relationship between those contacts and the claim at issue. Plaintiffs argue that their jurisdictional discovery was conducted mostly in 2004-05, before the Supreme Court reached those decisions, and they need an opportunity to conduct new discovery now that the standards have changed. This argument is not persuasive. First, my jurisdictional ruling was based on principles announced in *Burger King Corp. v. Rudziewicz*, 471 U.S. 462 (1985), and I specified that the Supreme Court's decision in *Bristol-Myers Squibb* did not change the analysis I applied. See my discussion at No. 07-CV-0303, ECF # 1052 at 2-3. Second, when I deferred ruling on jurisdiction in the *Burton-Owens-Sifuentes* cases until trial, I made clear what standard I would apply; those plaintiffs then had another year before trial in which they might have sought leave to take additional discovery on the issue of jurisdiction. Given that the same counsel represents the plaintiffs in the present actions and those in the previous actions and that historical discovery materials are shared among the plaintiffs, I do not find that the shifts in law that the plaintiffs have identified render it unfair for me to give preclusive effect to the jurisdictional ruling from the prior cases.

Regarding the third factor, plaintiffs argue that the quality of litigation of the jurisdiction issue would be better in a new proceeding, because plaintiffs now understand that the evidence proffered in the earlier case was not adequate, and they will take new discovery and present new witnesses. But, again, their counsel had ample notice of the jurisdictional standard to be applied in the *Burton-Owens-Sifuentes* action, and might

5

have requested leave to take additional discovery if necessary. Again, given the shared counsel, the tightly coordinated litigation strategy between the present and prior plaintiffs, and the extensive opportunities given to the plaintiffs in the prior action to make their jurisdictional case, fairness simply doesn't require that this new set of plaintiffs be given a fresh opportunity to establish jurisdiction.

Finally, regarding the fifth factor, the plaintiffs argue that it would be unfair to apply issue preclusion because the plaintiffs in the *Burton-Owens-Sifuentes* action did not understand that they were representing any other plaintiffs, and the court did not institute any special procedures to protect the interests of non-parties. These arguments are drawn, inappropriately, from federal common law; the Wisconsin law of preclusion applicable here imposes no such requirements. Applying factor five as directed by Wisconsin courts, I find that the plaintiffs in the *Burton-Owens-Sifuentes* action had an adequate opportunity and a strong incentive to establish my jurisdiction over Cyanamid in that initial action. It is not unfair to the present plaintiffs to give that jurisdictional ruling preclusive effect. And, indeed, I find that public policy weighs against requiring Cyanamid to keep litigating this issue, given the rigor with which the issue was litigated in advance of the first-round trial.

For the foregoing reasons, **IT IS ORDERED** that American Cyanamid Co.'s motions for dismissal for lack of jurisdiction (No. 11-CV-0055, ECF # 327; No. 07-CV-0864, ECF # 355; No. 11-CV-0425, ECF # 129; No. 14-CV-1423, ECF # 203) are **GRANTED.**

Dated at Milwaukee, Wisconsin this 8th day of November, 2019.

s/Lynn Adelman_____
LYNN ADELMAN
U.S. District Judge