| | |
|---|---|
| ERNEST GIBSON, | |
|     Plaintiff, | |
| v. | |
| AMERICAN CYANAMID CO.; and NL INDUSTRIES, INC., | |
|     Defendants, and | Case No. 2:07-cv-00864 |
| ARMSTRONG CONTAINERS, INC.; ATLANTIC RICHFIELD COMPANY; EIDP, INC.; and THE SHERWIN-WILLIAMS COMPANY, | |
|     Defendants and Third-Party Plaintiffs, | Electronically Filed |
| v. | |
| M & B REALTY, INC.; JOHN R. BRODERSEN; JAMES A. METZ; 2905 WISCONSIN LLC; JAMES M. CROSBIE; BRENDAN L. SULLIVAN; KEITH D. O'DONNELL; and JOHN DOES 1-10, | |
|     Third-Party Defendants, and | |
| ARMSTRONG CONTAINERS, INC.; EIDP, INC.; and THE SHERWIN-WILLIAMS COMPANY, | |
|     Defendants and Third-Party Plaintiffs, | |
| v. | |
| NL INDUSTRIES, INC., | |
|     Third-Party Defendant. | |

| | |
|---|---|
| DEZIREE VALOE and DETAREION VALOE, <br><br>      Plaintiffs, <br><br>  v. <br><br>AMERICAN CYANAMID CO.; and NL INDUSTRIES, INC., <br><br>      Defendants, and <br><br>ARMSTRONG CONTAINERS, INC.; ATLANTIC RICHFIELD COMPANY; EIDP, INC.; and THE SHERWIN-WILLIAMS COMPANY, <br><br>      Defendants and Third-Party Plaintiffs, <br><br>  v. <br><br>SUV PROPERTIES LLC; MELANIE J. EDEN; MICHAELEEN H. HINCA; KIM I. WHITE; SUNQUEST PROPERTIES LLC; JOHNNIE F. MANN; and JOHN DOES 1-10, <br><br>      Third-Party Defendants, and <br><br>ARMSTRONG CONTAINERS, INC.; EIDP, INC.; and THE SHERWIN-WILLIAMS COMPANY, <br><br>      Defendants and Third-Party Plaintiffs, <br><br>  v. <br><br>NL INDUSTRIES, INC., <br><br>      Third-Party Defendant. | Case No. 2:11-cv-425 <br><br>Electronically Filed |

# STIPULATED ORDER OF DISMISSAL

**WHEREAS**, Plaintiff Ernest Gibson filed a lawsuit in Milwaukee County Circuit Court on or about December 21, 2006, naming as Defendants, among others, Armstrong Containers, Inc. ("Armstrong"), E.I. du Pont de Nemours & Company (now known as EIDP, Inc. or "DuPont"), NL Industries, Inc. ("NL"), and The Sherwin-Williams Company ("Sherwin-Williams"), and asserting claims of negligence and strict liability based on alleged exposure to white lead carbonate pigments ("WLCs");

**WHEREAS**, Gibson's Milwaukee County Circuit Court lawsuit was removed to this Court on or about September 26, 2007, and docketed as Case No. 2:07-cv-00864;

**WHEREAS**, Plaintiffs Deziree Valoe and Detareion Valoe (together with Ernest Gibson, "Plaintiffs") filed Case No. 2:11-cv-425 in this Court on or about May 3, 2011, also naming as Defendants Armstrong, DuPont, NL, and Sherwin-Williams, among others, and also alleging claims of negligence and strict liability based on alleged exposure to WLCs;

**WHEREAS**, in 2014, Plaintiffs, along with other WLC claimants, reached a confidential settlement with NL "utilizing a settlement and liability release mechanism available in Wisconsin called a *Pierringer* settlement," which "operates to impute to the plaintiff whatever liability in contribution or indemnity the settling joint tortfeasor may have to the nonsettling joint tortfeasor and to bar subsequent contribution or indemnity actions the nonsettling joint tortfeasor might assert against the settling joint tortfeasor," July 5, 2016 Decision and Order at 1 & 4, docketed in *Gibson* at ECF 319, and in *Valoe* at ECF 156, and available at *Burton v. Am. Cyanamid*, 2016 WL 3661331 (E.D. Wis. July 5, 2016) (marks and citation omitted);

**WHEREAS**, Armstrong, DuPont, and Sherwin-Williams subsequently sought discovery of the settlement terms between Plaintiffs and NL, leading Plaintiffs to seek a protective order "forbidding inquiry into the terms of the agreement," July 5, 2016 Decision and Order at 2;

**WHEREAS**, in deciding that request for a protective order, the Court reviewed the settlement between Plaintiffs and NL *in camera* "to determine whether the agreement unambiguously functions as a *Pierringer* release," because if "the release functions as a true *Pierringer* release, the jury will be asked to apportion to NL Industries, along with all other defendants, its percentage of responsibility for the harm caused, and non-settling defendants will only be responsible for their assigned percentage of the damages," *id*. at 6 and 7;

**WHEREAS**, the Court ultimately concluded following *in camera* review that Plaintiffs' release of NL is "a properly worded and unambiguous *Pierringer* release," *see* Minutes of Aug. 15, 2016 Court Conf., docketed at *Gibson* ECF 325 and *Valoe* ECF 164;

WHEREAS, Plaintiffs and NL continue to assert the strict confidentiality of the *Pierringer* release, and nothing in this stipulation shall be construed as a waiver of its confidentiality.

**WHEREAS**, Plaintiffs subsequently filed in their respective cases amended complaints re-stating their strict liability and negligence claims, and adding general negligence and public nuisance claims, including against Armstrong, DuPont, and Sherwin-Williams, *see Gibson* ECF 540 and *Valoe* ECF 385;

**WHEREAS**, the Court granted motions to dismiss Plaintiffs' general negligence claims but denied motions to dismiss the public nuisance claim, *see Gibson* ECF 555 and *Valoe* ECF 400;

**WHEREAS**, Armstrong, DuPont, and Sherwin-Williams—which have not seen the settlement agreement between Plaintiffs and NL or the language of the *Pierringer* release and do not know whether the agreement and release encompass the subsequently-filed public nuisance

claim in Plaintiffs' amended complaints—have asserted contribution claims against NL as a third-party defendant for any liability that may be found on Plaintiffs' public-nuisance claims, *see Gibson* ECF 562 and *Valoe* ECF 407;

**WHEREAS**, Plaintiffs and NL agree that their 2014 settlement and *Pierringer* release do release NL from any liability for Plaintiffs' subsequently filed claims pursuant to the *Pierringer* framework, including the public nuisance claims;

**WHEREAS**, the Court, based on its *in camera* review of the settlement and release language, also agrees with Plaintiffs and NL that the scope of their 2014 settlement and *Pierringer* release encompasses Plaintiffs' subsequently-filed claims, including the public nuisance claims;

**NOW THEREFORE**, based on the foregoing, Plaintiffs and NL agree, and the Court concludes, as follows:

1. Plaintiffs' settlement with, and release of, NL pursuant to *Pierringer* applies to all claims set forth in Plaintiffs' most recent amended complaints, including the public nuisance claims;

2. Accordingly, Plaintiffs' settlement with, and release of, NL operates to impute to Plaintiffs whatever liability in contribution or indemnity NL may have to nonsettling joint tortfeasors on all claims set forth in Plaintiffs' most recent amended complaints, including the public nuisance claims;

3. Because Plaintiffs have agreed to indemnify NL against claims for contribution and indemnification on all claims in Plaintiffs' most recent amended complaints, the *Pierringer* release bars subsequent contribution or indemnity actions against NL arising from all claims in Plaintiffs' most recent amended complaints, including the public nuisance claims;

4. Accordingly, the third-party claims against NL filed by Armstrong, DuPont, and Sherwin-Williams and docketed at *Gibson* ECF 562 and *Valoe* ECF 407 are dismissed with prejudice; and

5. Nothing herein shall prejudice any Defendants' ability at any trial in the above-captioned actions to seek allocation to NL of any liability on any claim, and the jury will be asked to apportion to NL Industries, along with all other defendants, its percentage of responsibility for the harm caused, including for the public nuisance claim.

**SO STIPULATED:**

Dated: January 27, 2025

/s/ *Timothy S. Hardy*
Timothy S. Hardy
1130 Elm Street
Denver, CO 80220
thardy@valhi.net

*Counsel for NL Industries, Inc.*

/s/ *Fidelma L. Fitzpatrick*
Fidelma L. Fitzpatrick
MOTLEY RICE, LLC
40 Westminster St., 5th Fl.
Providence, RI 02903
Telephone: (401) 457-7728
Facsimile: (401) 457-7708
ffitzpatrick@motleyrice.com

Peter G. Earle
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
peterearle1950@gmail.com

*Counsel for Plaintiffs Ernest Gibson,
Deziree Valoe, and Detareion Valoe*

/s/ *Joy C. Fuhr*
Joy C. Fuhr
Christian E. Henneke
Brian D. Schmalzbach
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
jfuhr@mcguirewoods.com
chenneke@mcguirewoods.com
bschmalzbach@mcguirewoods.com

Paul E. Benson (1001457)
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
pebenson@michaelbest.com

Sylvia Macon Kastens
MCGUIREWOODS LLP
World Trade Center, Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3700
skastens@mcguirewoods.com

*Counsel for EIDP, Inc.*


/s/ *Robert P. Alpert*
Robert P. Alpert
Jeffrey K. Douglass
Douglas M. Hance
MORRIS MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
ralpert@mmmlaw.com
jdouglass@mmmlaw.com
dhance@mmmlaw.com

/s/ *Jennifer Brinkman Flannery*
Jennifer Brinkman Flannery
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361-3580
Telephone: (404) 521-3939
jbflannery@jonesday.com

José A. Isasi, II
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
jisasi@jonesday.com

Tracy K. Stratford
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
tkstratford@jonesday.com

Anderson T. Bailey
Joseph N. Parsons
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
atbailey@jonesday.com
jparsons@jonesday.com

Sara Scullen (Wis. 1030763)
Evan Thomsen (Wis. 1114697)
QUARLES & BRADY LLP
411 E Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202
Telephone: (414) 277-5000
sara.scullen@quarles.com
evan.thomsen@quarles.com

*Counsel for The Sherwin-Williams Company*

Jacob A. Sosnay
MEISSNER TIERNEY FISHER &
NICHOLS, S.C.
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622
Phone: (414) 273-1300
Facsimile: (414) 273-5840
jas@mtfn.com

*Counsel for Armstrong Containers, Inc.*


**SO ORDERED:**

Dated: 1/30/2025                                              s/ Lynn Adelman
                                                                                             Hon. Lynn Adelman